**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5124**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEREK JOHNSON, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-05-47)

---

Submitted: June 30, 2006                    Decided: July 31, 2006

---

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derek Johnson, Jr., appeals his conviction, after a jury trial, of one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). On appeal, Johnson argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict, and that the district court erred in giving an instruction on constructive possession. We affirm.

Johnson first argues that the evidence was insufficient to support the jury's verdict. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of the defendant's

- 2 -

guilt beyond a reasonable doubt.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce."  United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).  Johnson stipulated to a prior felony conviction and to the interstate or foreign commerce element, disputing only the knowing possession element.  Possession may be actual or constructive.  United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992).  A person has constructive possession of an item if he knows of its presence and exercises or has the power to exercise dominion and control over it.  United States v. Scott, 424 F.3d 431, 435 (4th Cir.), cert. denied, 126 S. Ct. 779 (2005).  Possession may be established by circumstantial evidence.  United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993).  Our review of the record leads us to conclude that the evidence presented to the jury, although

circumstantial, was sufficient to prove that Johnson possessed the firearm in question.

Johnson also argues that the district court erred in instructing the jury on constructive possession.  In general, the decision whether to give a jury instruction, and the content of that instruction, are reviewed for an abuse of discretion.  United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995).  Johnson does not contest the content of the instruction, but asserts that it was improper because there was no evidence to support it.  We conclude that this argument is contradicted by evidence that sufficiently connected Johnson to the firearm and supported the court's instruction on constructive possession.

We therefore affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED